This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PETER MAMBO,**

    Plaintiff-Appellant,

v.                        **NO. 29,610**

**HANNAH BEST & ASSOCIATES and HANNAH B. BEST, and LAW OFFICES OF MICHAEL E. MOZES, P.C. a professional corporation, and MICHAEL E. MOZES,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Beatrice Brickhouse, District Judge**

Scott M. Davidson
Albuquerque, NM

for Appellant

Law Office of Jack Brant, P.C.
John M. Brant
Albuquerque, NM

for Appellees Hannah Best & Associates and Hannah Best

Law Offices of Michael E. Mozes, P.C.
Michael E. Mozes
Albuquerque, NM

Pro Se Appellee

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Plaintiff, Peter Mambo appeals the summary judgment order dismissing his legal malpractice claim against Defendants Hannah Best & Associates (Best) and Law Offices of Michael Mozes (Mozes). We proposed to affirm in a calendar notice, and Plaintiff responded with a memorandum in opposition. We have considered Plaintiff's arguments, but we are not persuaded that our proposed disposition is incorrect. We therefore affirm.

Plaintiff filed a claim for wrongful termination. He was first represented by Best, and when Best withdrew from the case, he was represented by Mozes. Plaintiff's case was dismissed on June 17, 2004, and he appealed that decision. Neither attorney represented Plaintiff on appeal. The dismissal of his wrongful termination lawsuit was affirmed on appeal. Plaintiff later filed a pro se lawsuit under 42 U.S.C. § 1981 (1991). That case was dismissed by the federal court, and the dismissal was affirmed by the Tenth Circuit Court of Appeals. On December 17, 2008, Plaintiff filed a legal malpractice claim against Defendants based on their

representation of Plaintiff in his wrongful termination case. Defendants moved for summary judgment, arguing that Plaintiff's legal malpractice lawsuit was filed outside the applicable statute of limitations of four years. Defendants presented a letter written by Plaintiff to Best in which Plaintiff described a number of reasons why he was unhappy with Best's representation. Following a hearing, the district court found that the statute of limitations had run prior to the filing of the malpractice claim and granted summary judgment in favor of Defendants.

On appeal, Plaintiff contends that the district court erred in construing the facts in the light most favorable to Defendants when it rendered its decision and erred in granting summary judgment in favor of Defendants. In our calendar notice, we pointed out that Plaintiff had not alerted the district court to his argument that the facts were construed against him, and we noted that there was no indication in the district court's decision that the facts were construed in favor of Defendants. Plaintiff claims that he should not have been required to alert the district court to his argument, that his responses to the motions for summary judgment should suffice, and that as a pro se litigant, we should liberally construe his responses as bringing the matter to the district court's attention. In addition, Plaintiff argues that the letter shows only that he is unhappy with Best's representation, but not that Plaintiff recognized a factual

basis for a legal malpractice claim.

Even assuming that Plaintiff properly alerted the district court to his claim, we are not convinced that the district court viewed the evidence in an improper manner. In particular, as pointed out by the district court, Plaintiff stated in the letter written to Best that Best's representation would "hinder the restoration of [his] non-economic damages." [RP 172] Clearly, Plaintiff was more than just unhappy. Instead, the statement shows that Plaintiff was convinced that Best's representation would have a negative effect on his case.

Based on our case law, Plaintiff's actual injury occurred on the date that his case was dismissed—June 17, 2004—and not on the date that his appeal was finally decided. *See Brown v. Behles & Davis*, 2004-NMCA-028, ¶¶ 9-11, 135 N.M. 180, 86 P.3d 605 (determining that an actual injury occurs when the attorney's acts or omissions result in the loss of a right, loss of a remedy, loss of an interest, or the imposition of a liability, regardless of whether the permanency of the injury might be affected by future events). As discussed in our calendar notice, in legal malpractice cases, the statute of limitations begins to run when a plaintiff sustains actual injury and when the plaintiff discovers, or through reasonable diligence should discover, the facts essential to the plaintiff's claim of malpractice. *See Sharts v. Natelson*, 118

N.M. 721, 724, 885 P.2d 642, 645 (1994). On June 17, 2004, the date that Plaintiff suffered injury, he knew all of the facts in connection with the representation by both Best and Mozes.

Plaintiff continues to claim that, because his was pro se at the time that his case was dismissed, he could not know the facts essential to a claim of legal malpractice. First, we point out that we view pro se pleadings with tolerance, but when a pro se litigant chooses to represent himself, he is held to the same standard of conduct and compliance with court rules, procedures, and orders as members of the bar. *Newsome v. Farer*, 103 N.M. 415, 419, 708 P.2d 327, 331 (1985). Second, we hold that, as of the date of his injury, Plaintiff knew that he had lost his case and he had all of the information regarding the representation provided by Defendants. Therefore, as of the date of the dismissal of his case, Plaintiff could have, through reasonable diligence, discovered the facts essential for a claim of legal malpractice. The statute of limitations began to run on June 17, 2004, but Plaintiff did not file his claims until December 17, 2008, which was outside the statute of limitations. *See* NMSA 1978, § 37-1-4 (1880).

For the reasons discussed above and in our calendar notice, we affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CELIA FOY CASTILLO, Judge**

_____
**RODERICK T. KENNEDY, Judge**